WDS/JTA   #1848112

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| VISCOFAN USA, INC., | |
| Plaintiff, | Case No. 08 C 02066 |
| v. | |
| FLINT INK WINSCHOTEN B.V. | |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, in the course of discovery in this civil action, the parties have agreed to disclose information that contains trade secrets, proprietary information and other confidential business information; and

WHEREAS the parties seek to preserve privacy and property interests in such information, without unduly encroaching on the public's right to be informed of judicial proceedings, and recognizing that any party seeking to protect information filed under seal with the Court must show good cause for sealing that part of the record and that either party and any interested member of the public can challenge any designation of confidentiality pursuant to this protective order; and

WHEREAS, the Court and the parties deem it appropriate to provide for the protection of such information;

IT HEREBY IS ORDERED that this Stipulated Protective Order be entered.

CH199 4977833-3.063143.0021

1.  As used in this Stipulated Protective Order, the following definitions shall apply:

    a.  "Document" means any written, printed, typed, graphic, electronic or otherwise recorded matter of any kind, however produced or reproduced, including but not limited to all originals, non-identical copies, intermediate drafts and revisions of any written matter.

    b.  "Confidential Information" means a trade secret or other confidential or non-public research, development or commercial information, regardless of whether in a Document, electronically stored or orally communicated, and includes all information extracted from Documents containing such trade secrets or confidential, non-public information not already disclosed or produced.

    c.  "Attorneys Eyes Only" as used herein means Confidential Information that the producing party believes in good faith is so sensitive that it may be disclosed only to those persons listed in paragraph 4 below.

    d.  "Person" means an individual, corporation, partnership, association, unincorporated organization, governmental entity, quasi-governmental entity or any other entity, including, without limitation, each party to this action, experts and consultants for any party.

    e.  "Party" or "Parties" means the parties to the Litigation individually and collectively, namely Viscofan USA, Inc. and Flint Ink Winschoten B.V. and each company's officers, directors, employees, and attorneys and their parents and affiliates and their officers, employees, and attorneys.

    f.  "Designating Party" means any party or third-party that Produces or Discloses information in conjunction with the Litigation.

g.  "Produce" means to provide Documents or information to a party whether pursuant to settlement discussions or in response to discovery requests.

h.  "Disclose" means to furnish, divulge, reveal, describe, summarize, paraphrase, quote, transmit or otherwise communicate Documents or information received from any other party or third-party witness to any other person or party, whether voluntarily or involuntarily, whether pursuant to request, interrogatory or process, and whether pursuant to the Federal Rules of Civil Procedure or otherwise.

i.  The "Litigation" refers to the above-captioned litigation.

j.  "Expert" refers to a person retained or specially employed by a party to assist in preparation for trial or to testify at trial. The term also includes all necessary employees of such person.

k.  "Acknowledgment" means the Acknowledgement which is attached to this Stipulated Protective Order.

2.  This Stipulated Protective Order shall govern the use of all Confidential Information that is produced in this case, including Documents produced in response to requests for production, interrogatory answers, responses to requests for admissions, and any deposition, hearing or trial testimony that is designated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" by any party.

3.  Confidential Information that is designated as "CONFIDENTIAL" shall only be used by counsel in this Litigation and may be disclosed only to the following:

a.  Any Party, including employees of any Party but only to the extent that, and for the time during which, such disclosure is necessary to assist in the conduct of this Litigation;

b.  Counsel to any Party herein and counsel employed by any Party to assist in this Litigation, and their partners, associates and support staff, including but not limited to stenographic, paralegal and clerical employees to whom disclosure is deemed necessary by said counsel;

c.  Any non-Party Expert who is consulted or retained by a party or its counsel to assist in the conduct of this Litigation including without limitation accountants and economists, but only to the extent that, and for the time during which, such disclosure is necessary for the performance of such assistance;

d.  This Court;

e.  Outside contractors and their employees performing one or more aspects of organizing, filing, coding, converting, storing, copying or retrieving data or otherwise providing computerized litigation support to any party; and

f.  Court reporters transcribing a deposition or hearing at which the document or information is disclosed.

g.  Any deponent, hearing or trial witness at the time of his/her testimony.

4.  Confidential Information designated as for "ATTORNEYS' EYES ONLY" shall be Disclosed only to the following Persons and in the manner described below:

a.  Counsel to any Party herein and counsel employed by any Party to assist in this Litigation, and their partners, associates and support staff, including but not limited to stenographic, paralegal and clerical employees to whom disclosure is deemed necessary by said counsel;

b.  Any person, including outside technical consultants or experts, but excluding employees, agents, directors, and officers of the parties, who is assisting counsel or a Party to this Litigation to whom it is necessary to disclose

        Confidential Information designated Attorneys' Eyes Only for the purpose of assisting in the preparation and trial of this lawsuit.

c. Any person subject to deposition in this action and to whom it is necessary to disclose Confidential Information designated Attorneys Eyes Only for the purpose of their deposition.

d. This Court; and

e. Court reporters transcribing a deposition or hearing at which the document or information is disclosed.

5. The Persons described in Paragraph 3 and 4, other than counsel of record, shall not be given access to Confidential Information until they have certified that they have read this Order, have agreed to be bound by it and have signed a copy of the attached "ACKNOWLEDGMENT." Signed copies of Exhibit A shall be retained by counsel for each Party, and will be subject to inspection for good cause shown by the other Party.

6. Each recipient of Confidential Information must agree to subject himself or herself to the jurisdiction of this Court for any proceeding related to compliance with or violation of this Order.

7. Each recipient of Confidential Information shall keep that information in a manner that will maintain its confidentiality and will not share that information with any person, other than counsel or other persons who have signed an Acknowledgement.

8. The parties shall designate Confidential Information as follows:

    a. In the case of documents and discovery responses by placing the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page of each document.

    b. In the case of depositions, designation of those transcripts that contain Confidential Information shall be made by a statement on the record during the deposition by

counsel asserting confidentiality. Upon such designation by counsel, the cover page of the deposition transcript and each exhibit that contains Confidential Information shall be identified by the court reporter as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Counsel asserting confidentiality shall, within seven working days following receipt of the transcript, designate in writing those pages deemed confidential. Subject to any challenge of a confidential designation as provided for in Paragraph 10, each party shall have the obligation to segregate all portions of the transcript and all deposition exhibits that have been designated as containing Confidential Information by placing those portions of the transcript and exhibits in a sealed envelope at the end of the transcript that shall be marked as CONFIDENTIAL and that shall include a copy of this Stipulated Protective Order.

9.  Nothing in this Order shall prevent any party from using Confidential Information in connection with any pleadings filed in this case, provided that such materials shall be filed under seal or submitted to the Court for in camera inspections.

10. Any Party shall have the right to challenge another party's designation of information or testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY. In order to challenge a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation, counsel making the challenge first must give written notice to counsel for the party asserting confidentiality that identifies the specific CONFIDENTIAL or ATTORNEYS' EYES ONLY designation that is being challenged and that states the basis for the challenge. If counsel asserting confidentiality does not withdraw the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation and the Parties are unable in good faith to resolve their dispute with regard to the designation, the party challenging confidentiality may, upon certification that a good faith effort has been made to resolve the dispute, seek appropriate relief from this Court within ten

(10) working days from notifying the other party of the challenge. The burden shall be on the Party asserting confidentiality to establish that the challenged designation was appropriate. No party is obligated to challenge the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time it is made and failure to do so shall not preclude a subsequent challenge.

11. The Clerk of the Court is directed to maintain under seal all materials filed by any party, which are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. The procedures for use of Confidential Information at hearings or trial will be resolved by the Court as appropriate. It is specifically ordered that no Document or information bearing the designation CONFIDENTIAL and/or ATTORNEYS' EYES ONLY shall be published to the jury and that the party asserting confidentiality will provide a clean copy of the document to the other parties prior to its use before a jury.

12. The unintended disclosure of Confidential Information that has not been designated as such at the time of disclosure, shall not be deemed a waiver of any party's claim of confidentiality, either as to the specific information disclosed or as to any other Confidential Information relating to it. Counsel for the Parties shall to the extent possible, upon discovery of an unintended error, cooperate to restore the confidentiality of the Confidential Information that was unintentionally disclosed.

13. This Order shall not be construed to apply to any information that is otherwise available to the public or that any party can demonstrate already was known to them or their representatives at the time of its production by the party asserting confidentiality.

14. Within sixty (60) days after the termination of this Litigation all materials designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY, including all copies,

shall be returned to counsel for the party asserting confidentiality or, to the extent it contains attorney work product, such information shall be destroyed and counsel shall certify to its destruction. The actual costs incurred with this return or destruction of Confidential Information shall be paid by the party asserting confidentiality.

15. Nothing in this Stipulated Protective Order shall limit the Designating Party from using its own Documents and information in any fashion it may desire.

16. If information, including without limitation any computerized media, subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product or any other ground for withholding production to which the Designating Party would otherwise be entitled. If a claim of inadvertent production is made with respect to information then in the custody of another party, such other party shall promptly return the original and all copies of the information to the Designating Party. The recipient of such inadvertent production shall not use such information for any purpose other than in connection with a motion to compel, which shall be filed under seal, provided that the fact of inadvertent production may not be argued in support of such a motion.

17. The Protective Order shall be signed in multiple counterparts.

Respectfully Submitted,

/s/ Joann T. Angarola
_____
Joann T. Angarola
Attorney for Defendant, Flint Ink Winschoten B.V.

   /s Holland M. Tahvonen
Holland Tahvonen, Esq.
Attorney for Plaintiff, Viscofan USA, Inc.

## ORDER

IT IS SO ORDERED.

_____

Judge

APPROVED:

JOHNSON & BELL, LTD.

By:   /s/ Joann T. Angarola
      William D. Serritella -#02553333
      Joann T. Angarola- #02796163
      JOHNSON & BELL, LTD.
      33 West Monroe Street, Suite 2700
      Chicago, Illinois 60603-5404
      PHN: (312) 372-0770
      FAX: (312) 372-9818

   *Attorneys for Flint Ink Winschoten B.V.*

MCDERMOTT WILL & EMERY LLP

By:   /s Holland M. Tahvonen
      Steven H. Hoeft--#1232290
      Holland M. Tahvonen--#6279900
      McDermott Will & Emery LLP
      227 West Monroe Street
      Chicago, IL 60606
      PHN: (312) 984-7560
      FAX: (312) 984-7700

   *Attorney for Viscofan USA, Inc.*

# ACKNOWLEDGMENT

The Undersigned _____ hereby acknowledges that: he or she has received a copy of the Stipulated Protective Order entered in the case of Viscofan USA, Inc. v. Flint Ink Winschoten B.V.; Case No. 08 C 02066 (United States District Court, Central District of Illinois), has read and understood the Stipulated Protective Order; agrees to be bound by it; and by signing this ACKNOWLEDGMENT submits to the jurisdiction of the United States District Court for the Central District of Illinois for the adjudication of all matters related to the Order.

Dated: _____

_____
Signature

_____
Name (printed)

_____
_____
_____
Address