UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **VISCOFAN USA, INC.,**           ) | |
| )                                    | |
| **Plaintiff,**      ) | |
| v.                                 ) | |
| )                                    | Case No.  08-2066 |
| **FLINT GROUP,**                   ) | |
| )                                    | |
| **Defendant.**      ) | |

# REPORT AND RECOMMENDATION

In February 2008, Plaintiff Viscofan USA, Inc., filed a complaint against Defendant Flint Group in the Vermilion County, Illinois, Circuit Court (Case No. 08-L-14). In March 2008, Defendant removed the case to federal court. (Notice of Removal, #1.) Also in March 2008, Plaintiff filed an Amended Complaint (#15) against Defendant Flint Ink Winschoten B.V. Federal jurisdiction is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

In February 2009, Defendant filed a Motion To Dismiss for Forum Non Conveniens (#16) and Plaintiff filed its Memorandum of Law in Opposition to Defendant's Motion To Dismiss for *Forum Non Conveniens* (#22). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss for Forum Non Conveniens **(#16)** be **DENIED**.

### I.  Background

Plaintiff's claims are based on its (and its predecessor's) purchase of ink from Defendant. The amended complaint alleges five counts, including breach of contract, breach of warranty of fitness for a particular purpose, negligent misrepresentation, fraud, and violation of the Illinois Consumer Fraud and Trade Practices Act (815 ILCS 505/2).

Defendant's motion is based in part on language found in the invoices for the ink. The invoices state, in pertinent part, as follows:

> All our deliveries are subject to the Uniform Sales Conditions for Paint & Printing Ink in the Netherlands which are filed at the Amsterdam County Court (Arrondissementrechtsbank te Amsterdam). Purchase conditions from the buyer which differ from our Uniform Sales Conditions are not accepted.

(#8-1, p. 2.)

> Article 12 of the Uniform Sales Conditions referred to above states as follows:
>
> Article 12. DISPUTES
> Unless the parties have subjected their disputes to arbitration, all disputes (including interim injunction proceedings and requests for attachment orders) which may arise between the parties in connection with these Uniform Conditions of Sale and Delivery or in connection with later agreements, will only be adjudicated by the district court in whose area of jurisdiction the seller is established, in so far as the dispute is within the competence of the district court and the law has not declared another court competent by mandatory rules of law. All disputes will be settled in accordance with Dutch law.

(#8-9, p. 6.)

## II. Standard

The doctrine of *forum non conveniens* "allows a trial court to dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice." *Clerides v. Boeing Co.*, 534 F.3d 623, 627-28 (7th Cir. 2008). Federal courts have discretion to dismiss a case on the ground of *forum non conveniens* when an adequate available forum exists and "trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems." *Id.* at 628 (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Co.,* 549 U.S. 422, 429 (2007) (alterations and quotation omitted)). Within the federal system, the transfer of venue statute, 28 U.S.C. § 1404(a), has essentially replaced the doctrine of *forum non conveniens*. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 717 (7th Cir. 2002). However, the doctrine of *forum non conveniens* remains available where the alternative forum alleged to be more convenient is foreign or is a state or

2

territorial court. *Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994); *Enviroplan, Inc. v. W. Farmers Elec. Coop.*, 900 F. Supp. 1055, 1064 (S.D. Ind. 1995) (citing *Am. Dredging*, 510 U.S. at 449 n.2).

District courts have discretion to determine a motion to dismiss based on *forum non conveniens*. *Clerides*, 534 F.3d at 628.

### III. Discussion

Defendant argues that the Court should dismiss the case based on the doctrine of *forum non conveniens*. Defendant's primary argument is that the invoice provides a valid, enforceable, mandatory forum selection clause.

### A. Choice of Law

As an initial matter, the Seventh Circuit court has stated that "the validity of a forum-selection clause depends on the law of the jurisdiction whose rules will govern the rest of the dispute." *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991 (7th Cir. 2008.) The Uniform Sales Conditions provide that all disputes will be settled in accordance with Dutch law. (*See* #8-9, p. 6.)

However, neither party has relied on Dutch law in addressing the issues raised in the motion to dismiss; instead, they have cited federal law. Even when a contract contains an explicit choice of law provision, parties can waive reliance on that provision if they rely on federal law in their argument to the Court. *Hanson Eng'rs Inc. v. UNECO, Inc.*, 64 F. Supp. 2d 797, 799 (C.D. Ill. 1999) (citing *Polar Mfg. Corp. v. Michael Weinig, Inc.*, 994 F. Supp. 1012, 1014-15 (E.D. Wis. 1998)); *Walter E. Heller & Co. v. Video Innovations, Inc.,* 730 F.2d 50, 52 (2d Cir. 1984) ("in the absence of a strong countervailing public policy, the parties to litigation may consent by their conduct to the law to be applied"); *Schneider v. Canal Ins. Co.*, No. 98-CV-5368 (JG), 1999 WL 689476, *8 (E.D.N.Y. Sept. 1, 1999) (unreported) (stating that the conduct indicating the parties' consent to apply a body of law can consist of the cases cited and relied upon by the parties in their briefs, and their apparent decision not to raise the choice-of-law issue) (citing *Mentor Ins.*

*Co. (U.K.) Ltd. v. Brannkasse,* 996 F.2d 506, 513 (2d Cir. 1993) (applying federal admiralty law in action grounded in diversity because "all parties have relied on federal law, and no party has asked that any alternative body of law be applied to any issue")).

Choice of law does not limit the court's subject matter jurisdiction, therefore it is normally waivable. *Vukadinovich v. McCarthy*, 59 F.3d 58, 62 (7th Cir. 1995). *See Whirlpool Fin. Corp. v. Sevaux*, 96 F.3d 216, 221 (7th Cir. 1996) (finding that the parties waived the choice of law issue by failing to timely raise it); *see, e.g., ECHO, Inc. v. Whitson Co., Inc*., 52 F.3d 702, 707 (7th Cir. 1995) (noting that, "[w]here neither party argues that the forum state's choice of law rules require the court to apply the substantive law of another state, the court should apply the forum state's substantive law."). *But see Yavuz v. 61 MM, Ltd*., 465 F.3d 418, 431 (10th Cir. 2006) (stating that, where the parties had agreed that Swiss law governed the agreement at issue, the choice-of-forum provision must also be construed under Swiss law, and also stating that, although the court had discretion to determine Swiss law (based on Federal Rule of Civil Procedure Rule 44.1, which addresses how a court can determine foreign law), the better practice when choice of law is established by contract is to permit the parties to present the applicable law). Accordingly, the Court will apply federal law when considering the motion.

### B.  Forum Selection Clause

Defendant contends that the forum selection clause in the parties' invoices mandates that Plaintiff's claims be tried in The Netherlands; therefore, the Court should dismiss this case. Defendant relies on *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), in which the United States Supreme Court described the standard for a court to use when determining whether a forum selection clause is valid and enforceable.
.

In *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, the court first considered what legal standards govern a court's analysis of a motion to dismiss on *forum non conveniens* grounds when the parties have agreed to a forum selection clause. *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 525 (7th Cir. 2001). The court ultimately agreed with its sister circuits which had suggested that where the parties to an international dispute have agreed to a mandatory forum selection

4

clause, "the usual *forum non conveniens* analysis no longer applies, and the only question remaining for the district court to determine is whether the forum selection clause is enforceable under the standards set forth in *Bremen*." *Id.* at 526. The court held that, because the forum selection clause at issue required the parties to waive convenience-based objections (similar to a mandatory forum selection clause), "the stricter standards announced in *Bremen* and *Northwestern National* [*Ins. Co. v. Donovan*, 916 F.2d 372 (7th Cir. 1990)] should control the analysis of the appellees' *forum non conveniens* motion." *Id.* at 524-25.

In *Bremen*, the Supreme Court announced that forum-selection provisions are presumptively enforceable unless the party challenging its enforcement can clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching, or that trial in the chosen forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. *Bremen*, 407 U.S. at 9. Applying the standards articulated in *Bremen* and later Supreme Court cases, the Seventh Circuit court has ruled that a forum selection clause is presumptively valid and enforceable unless (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) its enforcement would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision. *AAR*, 250 F.3d at 525 (citing *Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 160 (7th Cir. 1993)). The party challenging the forum selection clause bears the burden of showing that the clause is unfair, unjust, or unreasonable, or that "enforcement would contravene a strong public policy of the forum in which the suit is brought." *Bremen,* 407 U.S. at 15, 18.

Plaintiff has not challenged Defendant's premise that the invoices govern the relationship between the parties, nor has Plaintiff argued that any of the *Bremen* exceptions are applicable in this case, or that the forum selection clause is otherwise invalid, therefore it has conceded those issues. *See Polar Mfg.*, 994 F. Supp. at 1015 ("The question of validity is separate from the question of enforceability."). Plaintiff's sole argument is that Defendant has waived its right to

challenge venue based on the forum selection clause because (1) Defendant failed to include such a challenge in a responsive pleading pursuant to Rule 12(h)(1) and (2) in Defendant's answer, it conceded that venue was proper in the Central District court.[1]

Alternatively, Plaintiff contends that Defendant is estopped from contesting venue because it failed to timely challenge venue; in the meantime, the parties have litigated the case for a year, the parties have engaged in discovery, and the Court has spent time and resources on the case. *See Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 887-88 (7th Cir. 2004) ("If the defendant tells the plaintiff that he is content with the venue of the suit, or by words or actions misleads the plaintiff into thinking this or the court into becoming involved in the case so that there would be wasted judicial effort were the case to be dismissed to another forum, or if he stalls in pleading improper venue because he wants to find out which way the wind is blowing, then conventional principles of waiver or equitable estoppel come into play and if invoked by the plaintiff block the challenge to venue.").

Federal Rule of Civil Procedure 12(h)(1) provides that a party waives the defense of improper venue by "failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Although a forum selection clause raises issues that go beyond statutory venue requirements, the Seventh Circuit court has held that the waiver clause of Rule 12(h)(1) applies to forum selection clauses. *Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007) (stating that forum selection clauses represent an *ex ante* determination by the parties of the place that will be the most convenient for any litigation that may arise, therefore, like other objections to venue, they can be waived or forfeited). However, because the invocation of a forum selection clause is not a rule limiting the subject matter jurisdiction of the court, the court can excuse noncompliance with the rule if there is good reason

---

[1] The complaint stated: "Venue is proper here because TEEPAK resides in Danville and the transactions giving rise to the claims occurred here." (Amended Complaint, # 5, ¶ 4.) In its answer, Defendant stated as follows: "Flint admits that venue is proper. Flint denies that the transactions alleged in plaintiff's complaint occurred only in Illinois." (Answer, #8, ¶ 4.)

for delay. *Balt. & Ohio Chi. Terminal R. Co. v. Wis. Cent. Ltd.*, 154 F.3d 404, 408 (7th Cir. 1998).

In *Sharpe v. Jefferson Distributing Co.*, the forum selection clause involved two different states in the United States rather than a foreign jurisdiction. *Sharpe v. Jefferson Dist. Co.,* 148 F.3d 676, 679-80 (7th Cir. 1998), *abrogated on other grounds by Papa v. Katy Indus., Inc.*, 166 F.3d 937 (7th Cir. 1999). Although the case arose years after the *Bremen* decision, the Seventh Circuit court did not mention *Bremen* and instead resolved the applicability of the forum selection clause based solely on waiver. The court unequivocally held that the defendants waived their rights to invoke the forum selection clause because they failed to raise the issue until about twenty months after the complaint was filed. The court also noted that the defendants had conceded in their answer that venue was proper in the Northern District of Illinois.

Here, Defendant failed to assert the forum selection clause for a year after the complaint was filed. Defendant did not raise the issue of the forum selection clause in its answer, which it filed in April 2008. Furthermore, as Plaintiff points out, although Defendant contends that its motion is late because it could not identify the relevant documents, Defendant's own invoices refer to the Uniform Sales Conditions that include the forum selection clause that serves as the basis for the motion to dismiss. Thus, Defendant did not need to obtain documents from Plaintiff to determine the existence of the forum selection clause. In addition, the Court notes that Defendant's first and second affirmative defenses, included in its answer, raised issues related to the Uniform Sales Conditions. (#8, pp. 16-17.) Based on the language in *Sharpe*, Defendant has waived its right to invoke the forum selection clause.

This does not end the discussion, however, because Defendant has also raised the doctrine of *forum non conveniens* as a basis for dismissal.

### C. *Forum Non Conveniens*

Having determined that the forum selection clause does not govern the venue issue in this case, the Court will apply the traditional analysis for *forum non conveniens*, considering the forum selection clause as one of the factors.

The Seventh Circuit has set forth a two-part inquiry for deciding a *forum non conveniens* motion. *Zelinski v. Columbia 300, Inc*., 335 F.3d 633, 643 (7th Cir. 2003). First, courts determine whether an adequate alternative forum is available. *Id*. Once it has been determined that an adequate alternative forum exists, courts weigh private and public interests. *Id*.

The Seventh Circuit court has held that there are two parts to the "alternative forum" inquiry: availability and adequacy. *Kamel v. Hill-Rom Co*., 108 F.3d 799, 802 (7th Cir. 1997). *Kamel* explained that an alternative forum is "available" if all parties are amenable to process and are within the forum's jurisdiction. An alternative forum is "adequate" when the parties will not be deprived of all remedies or treated unfairly. *Id.* at 803. This is a fact intensive inquiry. *In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 484 F.3d 951, 954 (7th Cir. 2007). Neither party has contested that the courts in The Netherlands provide an adequate and available alternative forum. *See Biggelaar v. Wagner*, 978 F. Supp. 848, 855-56 (N.D. Ind. 1997) (listing United States court cases that have found Dutch courts to be courts of competent jurisdiction). *See also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 247 (1981) (establishing that the law in another country (the United Kingdom in that case) need not be identical to U.S. law, or even as favorable to plaintiffs as U.S. law may be, to be adequate); *Ingersoll Milling Mach. Co. v. Granger,* 833 F.2d 680, 688 (7th Cir. 1987) (stating that the fairness of the Dutch court procedures does not depend on its similarity or dissimilarity with United States court procedure but only upon its basic fairness).

Once the existence of an adequate alternative forum has been established, the Court decides "whether to keep or dismiss the case by weighing various private and public factors." *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 703 (7th Cir. 2005). "Dismissal for forum non conveniens reflects a court's assessment of a range of considerations, most notably the

convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." *Clerides*, 534 F.3d at 628 (quoting *Sinochem*, 549 U.S. at 429). The private interest factors include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; the possibility of a view of premises if that would be useful; the enforceability of the judgment, if one is obtained; and all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947), *superseded by statute on other grounds*. The public interest factors include the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.* (citing *Gulf Oil*, 330 U.S. at 508-09). As a general rule, a plaintiff's choice of forum should be disturbed only if the balance of public and private interest factors strongly favors the defendant. *Id.*

A district court has great latitude in weighing the factors set forth in *Gulf Oil*. *Clerides*, 534 F.3d at 628 (citing *Piper Aircraft,* 454 U.S. at 257). "[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft*, 454 U.S. at 257.

Although the parties both focused on the forum selection clause, Defendant also cited a New York case for the premise that there is "no time limit on when a motion to dismiss on the ground of *forum non conveniens* can be made." *Genpharm Inc. v. Pliva-Lachema*, 361 F. Supp. 2d 49, 59 (E.D.N.Y. 2005) (acknowledging that "the defendant's delay in bringing a forum non conveniens motion is a factor to be considered in the Court's evaluation of whether the forum was convenient"). Defendant also contends that it only recently developed the facts and circumstances that serve as the basis for its motion.

Plaintiff has cited no precedential case law regarding whether a defendant can waive its objection to case law based on the doctrine of *forum non conveniens*. The doctrine of *forum non conveniens* is based on the inconvenience of the chosen venue, not the impropriety of venue under federal venue statues. *See Am. Dredging*, 510 U.S. at 448 (stating that the doctrine of *forum non conveniens* can never apply if there is . . . mistake of venue"). Thus, the doctrine does not raise the defense of *improper* venue pursuant to Rule 12(h)(1).

Nevertheless, the Seventh Circuit court has emphasized the need to settle on an appropriate forum early in the litigation process. *Cabinetree of Wisconsin Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995) ("Selection of a forum in which to resolve a legal dispute should be made at the earliest possible opportunity in order to economize on the resources, both public and private, consumed in dispute resolution.") Thus, courts can consider a defendant's delay in filing a motion to dismiss on the basis of *forum non conveniens* as one of the relevant factors when considering the motion. *See, e.g., Bell v. Louisville & Nashville R. Co.*, 478 N.E.2d 384, 389 (Ill. 1985) (holding that courts should consider a defendant's delay as one of the factors when ruling on a motion to dismiss on the basis of *forum non conveniens*; *forum non conveniens* is an equitable doctrine, and "equity aids the vigilant and not those who sleep on their rights").

Regarding the specific factors, neither party addresses the public and private factors in depth, focusing instead on whether the Court should enforce the forum selection clause. Plaintiff notes that Defendants cannot complain that its documents and witnesses are not located in Plaintiff's chosen forum. *See Am. Patriot*, 364 F.3d at 887 (a defendant "doesn't have to engage in discovery to know whether the forum chosen by the plaintiff is a convenient one"). Likewise, Plaintiff cannot complain that The Netherlands would be inconvenient. Although the forum selection clause does not govern venue in this case, by agreeing to it, Plaintiff waived objections based on its inconvenience. *See AAR*, 250 F.3d at 526 ("by agreeing to a mandatory forum selection agreement, a party waives objections to venue in the chosen forum on the basis of cost or inconvenience to itself").

It appears that some of the remaining private factors are relatively neutral, given that the parties have already engaged in discovery for a year. The public factors related to avoiding unnecessary problems in the application of foreign law and the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action are more significant, given that the choice of law provision mandates Dutch law.

Nevertheless, in the absence of discussion on these factors by the parties, the Court concludes that Defendant has failed to overcome the strong presumption that Plaintiff's chosen forum is a convenient forum. Accordingly, the Court recommends denying the motion to dismiss.

### IV. Summary

For the reasons set forth above, this Court recommends that Defendant Motion To Dismiss for Forum Non Conveniens **(#16)** be **DENIED**. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 13th day of April, 2009.

                                          s/ DAVID G. BERNTHAL
                                          U.S. MAGISTRATE JUDGE